UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jan Kuklenski,                                    File No. 22-cv-438 (ECT/JFD)

      Plaintiff,

v.                                                **OPINION AND ORDER**

Medtronic USA, Inc.,

      Defendant.

---

Pamela M. Spera, Kyle Patrick Hahn, and Pamela Johnson, Halunen Law, Minneapolis, MN, for Plaintiff Jan Kuklenski.

Marko J. Mrkonich, Avery Bennett, Claire B. Deason, and Daniel Bihrle, Littler Mendelson, PC, Minneapolis, MN, for Defendant Medtronic USA, Inc.

---

Plaintiff Jan Kuklenski filed a Rule 59(e) motion to alter or amend the "Court's Judgment granting Summary Judgment in favor of Defendant Medtronic USA, Inc." ECF No. 76.[1] Kuklenski requests the judgment be amended to deny Medtronic's motion for summary judgment on Counts III and VI of the Complaint. *Id.* at 24. Alternatively, Kuklenski requests that the meaning of "works in Minnesota" under the Minnesota Human Rights Act be certified as a question of law to the Minnesota Supreme Court. *Id.*

---

[1] Medtronic disputes whether Kuklenski's post-judgment submission is a motion. ECF No. 78 at 3–7. Medtronic points out that Kuklenski filed only a memorandum in support of her motion, and not a separate motion. *See* D. Minn. L.R. 7.1(c)(1)(A) & (C) (requiring the filing of a "motion" separate from a "memorandum of law" in support of a dispositive motion). In light of the extensive motion practice that has occurred in this case to date, and in view of the case's post-judgment context, Kuklenski's violation of L.R. 7.1(c)(1) will be excused, and the motion will not be denied on this basis.

Kuklenski's motion to alter or amend the judgment will be denied. She has not raised reversal-worthy grounds to amend the judgment. Kuklenski's alternative request for certification will be denied because this is not the rare case where post-judgment certification is warranted.

"Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citing *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996)). For this reason, Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care*, 141 F.3d at 1286. "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 Charles A. Wright, Arthur R. Miller, and Mary K. Kane, *Federal Practice and Procedure: Civil* § 2810.1 (3d ed. Apr. 2023 Update).

Some of Kuklenski's arguments to reconsider are familiar. Kuklenski argues she was unable to work physically in Minnesota because of the COVID-19 pandemic and other related reasons. ECF No. 76 at 9. Because she could not have been physically present in Minnesota for work, Kuklenski contends there is "no basis for connecting [her] protection under the MHRA to her physical presence in Minnesota during the time period when no

2

Medtronic employees were physically present in Defendant's Minnesota office." *Id.* at 8. Kuklenski also argues the summary-judgment opinion departed from intra-district precedent because it failed to apply a Minnesota contacts-based approach. *Id.* at 14–21. These arguments, facts, and cases have already been considered. *See Kuklenski v. Medtronic USA, Inc.*, No. 22-cv-438 (ECT/JFD), 2023 WL 8042490, at *4–6 (D. Minn. Nov. 20, 2023).

Next, Kuklenski argues "a Rule 56 motion may not be made on the same grounds and with the same showing that led to the denial of a previous motion to dismiss." ECF No. 76 at 9. But the showing was not the same. For example, in the Complaint, Kuklenski alleged she was physically present in Minnesota 20 percent of the time for work during her 22 years of employment. Compl. [ECF No. 1] ¶ 7. That allegation was accepted as true when denying Medtronic's motion to dismiss. At summary judgment, it was undisputed Kuklenski was not physically present in Minnesota for work after February 2020. *Kuklenski*, 2023 WL 8042490, at *5. Relatedly, Kuklenski invokes the law-of-the case doctrine. According to this doctrine, courts must adhere to decisions made in earlier proceedings to ensure the uniformity of decisions. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008). But "[t]he law-of-the-case doctrine only applies to final orders, not interlocutory orders." *Murphy v. FedEx Nat'l LTL, Inc.*, 618 F.3d 893, 905 (8th Cir. 2010). Nor did the denial of Medtronic's motion to dismiss finally adjudicate Kuklenski's statutory standing under the Minnesota Human Rights Act. *Kuklenski v. Medtronic USA, Inc.*, 635 F. Supp. 3d 726, 731 (D. Minn. 2022) ("Difficult legal and factual questions remain regarding whether Kuklenski has statutory standing to assert a

3

claim under the Minnesota Human Rights Act; the better answer at this early stage is to allow those claims to proceed.").

Kuklenski also contends the judgment is a manifest injustice because "[t]he Court's Order creates a new rule of law . . . [and] Kuklenski had no notice of this rule of law." ECF No. 76 at 17. But Kuklenski was warned that "a Minnesota-contacts-based approach to the issue may fairly be criticized because it 'treat[s] the question almost as one of personal jurisdiction rather than as one of statutory interpretation.'" *Kuklenski*, 635 F. Supp. 3d at 734–35 (quoting *Walton v. Medtronic USA, Inc.*, No. 22-cv-0050 (PJS/HB), 2022 WL 3108026, at *2 (D. Minn. Aug. 4, 2022)). Nor should Kuklenski have been surprised that the definition of "works in this state," as a matter of statutory interpretation, remained an issue for summary judgment. *Id.* at 735 ("[T]he questions identified above regarding statutory interpretation were not addressed in the Parties' submissions. As a practical matter, it seems wiser to decide those questions after the Parties have weighed in and on a more complete factual record."). Regardless, Kuklenski elected to bring this lawsuit in Minnesota solely under the Minnesota Human Rights Act despite being a Michigan citizen. She declined to bring claims under federal law or the Michigan Civil Rights Act. Applying the plain language of the Minnesota Human Rights Act to this case does not result in a manifest injustice.

Finally, and alternatively, Kuklenski requests the Court certify the "question of the meaning of 'works in Minnesota' under the MHRA to the Minnesota Supreme Court." ECF No. 76 at 24. Kuklenski did not request certification at either the motion-to-dismiss or the summary-judgment stage. As a matter of sound case administration, it would have

made better sense to make that request at either of those stages. Regardless, "[t]he practice of requesting certification after an adverse judgment has been entered should be discouraged." *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 210 (8th Cir. 1987). "Only in limited circumstances should certification be granted after a case has been decided." *Id.* This is not the rare case where post-judgment certification is warranted. Minnesota's rules of statutory interpretation offer a sufficient basis for a "nonconjectural determination." *Smith v. SEECO, Inc.*, 922 F.3d 406, 412 (8th Cir. 2019) (quoting *Shakopee Mdewakanton Sioux Cmty. v. City of Prior Lake*, 771 F.2d 1153, 1157 n.2 (8th Cir. 1985)).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Jan Kuklenski's Motion to Alter or Amend the Judgment [ECF No. 76] is **DENIED**.

2. Plaintiff Jan Kuklenski's Motion to Certify a Question to the Minnesota Supreme Court [ECF No. 76] is **DENIED**.

Dated: January 16, 2024
s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court